IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-40880
_____


ANTONIO BARRIENTES,

                          Petitioner-Appellant,

          versus

          GARY L. JOHNSON, Director
          Texas Department of Criminal Justice,
          Institutional Division

                          Respondent-Appellee.

_____

On Application for a Certificate of Probable Cause
Appeal from the United States District Court
for the Southern District of Texas
(B-89-044)
_____

August 20, 1996

Before KING, GARWOOD, and SMITH, Circuit Judges.

PER CURIAM:[*]

Antonio Barrientes applies for a certificate of probable cause to appeal the district court's dismissal without prejudice of his petition for habeas corpus for failure to exhaust his state remedies. We deny his application.[1]

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

[1] Because this appeal was fully briefed and taken under submission before April 24, 1996, the effective date of the

## I. BACKGROUND

Antonio Barrientes was convicted of capital murder by a Texas jury on April 24, 1985 and is currently incarcerated under a sentence of death. The Texas Court of Criminal Appeals affirmed Barrientes's conviction on direct appeal, Barrientes v. State, 752 S.W.2d 524 (Tex. Crim. App. 1987), and the United States Supreme Court denied certiorari. Barrientes v. Texas, 487 U.S. 1241 (1988).

On August 17, 1988, Barrientes filed a petition for a writ of habeas corpus with the Texas Court of Criminal Appeals and the state district court. The Texas Court of Criminal Appeals granted a stay of execution and ordered the state district court to conduct an evidentiary hearing on the issue of whether Barrientes received effective assistance of counsel. The evidentiary hearing was held on November 3, 1988, and the state district court entered findings of fact and conclusions of law recommending the denial of relief. On February 1, 1989, the Texas Court of Criminal Appeals denied habeas relief on all grounds, with two judges dissenting.

On March 8, 1989, Barrientes filed his first federal petition for habeas corpus in the United States District Court for the Southern District of Texas and amended that petition on

---

"Antiterrorism and Effective Death Penalty Act of 1996," we shall assume without deciding that the prior habeas corpus law applies to this appeal.

2

April 30, 1992.  On April 27, 1992, anticipating Barrientes's amended petition, the respondent filed a motion to dismiss for failure to exhaust state remedies.  On August 22, 1995, the district court entered findings of fact and conclusions of law providing that Barrientes's death sentence should be vacated because it was obtained in violation of the Constitution and that Barrientes should be resentenced or his sentence commuted to life imprisonment.[2]  However, the district court did not enter judgment based on these findings and conclusions.  Instead, it dismissed Barrientes's petition without prejudice for failure to exhaust state remedies.  The district court denied Barrientes's application for a certificate of probable cause, and Barrientes filed a timely notice of appeal.

## II. DISCUSSION

---

[2] Specifically, the district court found that, at the penalty phase, the prosecutor improperly presented evidence of Barrientes 1979 capital murder arrest and improperly argued that Barrientes had committed the 1979 murder and improperly implied that he had murdered a witness to the 1979 murder, preventing the state from trying him.  The district court concluded that this evidence and argument violated Barrientes's constitutional rights because the police file on Barrientes's 1979 arrest strongly indicated that Barrientes neither committed the 1979 murder nor murdered the missing witness: the charges against Barrientes were dropped after the police focused their investigation on another suspect, Barrientes took and passed two polygraphic exams indicated that he was not involved in the murder, and the missing witness was believed to have fled out of town during the time Barrientes was in jail.

3

We have no jurisdiction over Barrientes's appeal absent a certificate of probable cause ("CPC").  Harris v. Johnson, 81 F.2d 535, 538 (5th Cir. 1996).  To qualify for a CPC, Barrientes must make a "substantial showing of the denial of a federal right."  White v. Johnson, 79 F.3d 432, 437 (5th Cir. 1996)(quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).  "This requires that [Barrientes] demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further."  Id. (internal quotations and alterations omitted).

Despite its opinion that Barrientes's death sentence was unconstitutionally obtained, the district court dismissed without prejudice Barrientes's petition for failure to exhaust his state remedies.  The district court found, as the respondent argued, that although Barrientes raised the same legal claims in his state habeas petition as in his amended federal habeas petition, he supported his federal petition with additional factual allegations and evidence that were not presented to the state courts.

In its motion to dismiss, respondent argued that Barrientes supported three of his claims in his amended federal habeas petition with significantly stronger evidence than he did in his state habeas petition.  Specifically, respondent contended the following:

4

(1) Although Barrientes had presented his claim that the state improperly admitted evidence of his unadjudicated 1979 capital murder arrest at the penalty phase and improperly argued concerning this arrest to the state habeas court, Barrientes presented significantly stronger evidentiary support for this argument in his amended federal habeas petition. Specifically, Barrientes included with his amended federal habeas petition the Cameron County sheriff's office's file on the 1979 arrest, indicating that the charges against Barrientes were dropped, as well as an affidavit by the prosecutor that, had he known the exculpatory information contained in the police file, he would not have argued or presented evidence regarding the 1979 arrest at the penalty phase of Barrientes's trial.

(2) Although Barrientes had argued to the state habeas court that David Meza's testimony was fabricated, he had not alleged before the state habeas court that Meza lied because the district attorney's office threatened him. In his federal petition, Barrientes argued that Meza testified falsely because the district attorney's office threatened him, and offered Meza's testimony to that effect.

(3) Before the state habeas court, Barrientes had broadly asserted that his counsel was ineffective for failing to interview witnesses to obtain information with which to impeach the government's principal witness, Felix Sanchez. However, in his federal habeas petition, Barrientes specifically alleged and offered evidence that Sanchez's wife and mother would have testified in a way that would have undermined Sanchez's credibility.

In response to the motion to dismiss and on application for CPC, Barrientes argued that his state habeas petition contained in substance the same legal claims and factual allegations as his amended first federal habeas petition. He contended that remand to the state habeas court would be futile because the state court has indicated that it would not consider the additional

5

evidentiary support by denying his motions for discovery and limiting his questioning at the state evidentiary hearing on ineffective assistance of counsel.  Finally, Barrientes contended that no adequate state law remedy is available to him because Texas law prohibits subsequent habeas petitions.

We conclude that Barrientes has not made a substantial showing that courts could resolve the exhaustion issue differently than did the district court; therefore, we deny Barrientes application for CPC.  First, the record demonstrates that Barrientes's amended federal habeas petition presents new factual allegations and significantly stronger evidentiary support for his legal claims than he had presented to the state habeas court.  We have held that a habeas petitioner fails to exhaust state remedies when he presents additional factual allegations and evidentiary support to the federal court that was not presented to the state court.  See Joyner v. King, 786 F.2d 1317, 1320 (5th Cir.)(holding that "the policies of comity and federalism underlying the exhaustion doctrine" require that "new factual allegations in support of a previously asserted legal theory" be first presented to the state court), cert. denied, 479 U.S. 1010 (1986); Brown v. Estelle, 701 F.2d 494, 495-96 (5th Cir. 1983)(holding that when a claim is filed in federal court in a significantly stronger evidentiary posture than it was before the state court, it must be dismissed for failure to exhaust state remedies and remanded to the state court).

Second, Barrientes has not made a substantial showing that remand to the state court would be futile. Barrientes argues that the state habeas court has indicated, by denying his motions for discovery and limiting his questions at the November 3, 1988 evidentiary hearing, that it will not consider the additional factual allegations and evidentiary support. We note that the November 3, 1988 evidentiary hearing was limited to the subject of ineffective assistance of counsel. Barrientes's repeatedly attempted to elicit testimony that, following his 1979 arrest, he had taken and passed two polygraphic exams which indicated that he had not committed the 1979 murder. The state court disallowed this testimony because it considered it unrelated to the ineffective assistance of counsel claim and possibly because of state evidentiary rules regarding the admissibility of polygraphic exams. These actions do not indicate that the state habeas court will not consider Barrientes's additional factual allegations and evidentiary support on remand.

Finally, Barrientes has not made a substantial showing that remand is inappropriate because he has no adequate state remedy. While it is true that Texas habeas corpus law ordinarily prohibits the filing of a subsequent habeas corpus application, TEX. CODE CRIM. PROC. art. 11.071 § 5(a), Barrientes's petition may fall within an exception to that prohibition allowing subsequent petitions to be considered in some circumstances. See id. § 5(a)(1)(A) (allowing a subsequent application for habeas corpus

7

if the application contains specific facts establishing that the current claims and issues have not been and could not have been presented in the earlier application because the factual or legal basis of these claims was unavailable); id. § 5(a)(3) (allowing a subsequent application to be considered if it contains specific facts establishing by clear and convincing evidence, "but for a violation of the United States Constitution no rational juror would have answered in the state's favor one or more of the special issues submitted to the jury" during the penalty phase).

We conclude that Barrientes has failed to make a substantial showing that a court could have resolved the exhaustion issue in a different manner. Accordingly we deny Barrientes's application for a certificate of probable cause to appeal.


**III. CONCLUSION**

Barrientes's application for a certificate of probable cause is DENIED.

8